UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH ANTHONY REYNA (JOECAT),

Plaintiff,

-against-

UNIVERSAL MUSIC GROUP RECORDINGS, INC.,

Defendant.

25-CV-10591 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff proceeds in this matter *pro se* and *in forma pauperis.* By order dated August 6, 2026, the Court granted Plaintiff leave to file a Fourth Amended Complaint. (ECF 123.) Plaintiff has filed a motion for "Exemption From Pacer User Fees," and an unsigned order granting the motion. (ECF 124-125.) According to Plaintiff, he is indigent, has been "housing-displaced" since 2023, lacks regular internet access, and suffers from Attention Deficit Disorder. (ECF 124 at 1-2.) He further asserts that he:

> maintains numerous simultaneous active matters. Review of docket activity, orders, and opposing filings is not discretionary research; it is the means by which Petitioner exercises his right to participate in proceedings to which he is a party. Applied across this volume, the per-page fee structure imposes an unreasonable burden that constrains meaningful access to the courts.

(*Id.*)

The Judicial Conference of the United States has issued a fee schedule that sets the price for accessing PACER. See Electronic Public Access Fee Schedule, Effective January 1, 2020 (Fee Schedule), http://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. Paragraph 8 of the Fee Schedule lists the automatic fee exemptions:

- No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.

- Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.
- No fee is charged for access to judicial opinions.
- No fee is charged for viewing case information or documents at courthouse public access terminals.
- No fee is charged for Chapter 13 bankruptcy trustees to download quarterly (i.e., once every 90 days) a list of the trustee's cases from the PACER Case Locator.

*Id.*

The Fee Schedule also permits courts to grant additional, discretionary exemptions under limited circumstances. Fee Schedule ¶ 9. A party seeking a discretionary exemption cannot solely rely on his IFP status alone. *Id.*; *see also Oliva v. Brookwood Coram I, LLC*, No. 14-CV-2513, 2015 WL 1966357, at *1-2 (E.D.N.Y. Apr. 30, 2015) ("[A] party seeking a discretionary exemption [of PACER fees] cannot rely on his [IFP] status alone." (quotations and citations omitted)). Instead, the party must demonstrate that an exemption beyond the automatic exemptions "is necessary . . . to avoid unreasonable burdens and to promote public access to information." *Id.* (quoting *Mallgreen v. Parties in this Petition*, No. 13-CV-3660 (LAP) (S.D.N.Y. Aug. 1, 2013)).

Under the automatic exemptions, and as a *pro se* litigant, Plaintiff is entitled to one free electronic copy of all documents filed electronically in his case. In addition, Plaintiff has consented to electronic service, and thus will receive notices of court activity and documents by email. (ECF 3.)

Plaintiff has not shown that he needs free access to PACER to obtain information about this case. He has not alleged that he will suffer an unreasonable burden without free access to PACER in this case. The Court denies the motion without prejudice to renewal, after he has filed

the Fourth Amendment Complaint, should there be a demonstrable need in the future for such access.

## CONCLUSION

The Court denies the motion without prejudice, and the Clerk of Court is directed to terminate it. (ECF 124.)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: August 31, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge