UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH ANTHONY REYNA (JOECAT),<br>Plaintiff,<br>-against-<br>UNIVERSAL MUSIC GROUP RECORDINGS, INC.,<br>Defendant. | 25-CV-10591 (JPO)<br>ORDER OF SERVICE |

J. PAUL OETKEN, United States District Judge:

Plaintiff Joseph Anthony Reyna, who is appearing *pro se*, brings this action under Section 7 of the Clayton Act, 15 U.S.C. § 18. He alleges that Defendant Universal Music Group ("UMG") Recordings, Inc., by its alleged acquisition of Downtown Musical Holdings, has caused him real or threatened loss and reduced competition in the relevant market. He seeks injunctive relief under 15 U.S.C. § 26. On October 1, 2026, Plaintiff filed a fourth amended complaint, with leave of the court, and it is the operative pleading. (ECF No. 128.) Plaintiff also filed a motion for exemption from PACER fees and for restoration of electronic public access. (ECF No. 127.)

By order dated July 21, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 122.) For the reasons that follow, the Court: (1) grants in part and denies in part Plaintiff's motion for exemption from PACER fees and for restoration of electronic public access, and (2) directs service on Defendant.

## DISCUSSION

### A. Motion for exemption from PACER fees and for restoration of electronic public access

On January 8, 2026, Plaintiff consented to receive electronic service in this action. (ECF No. 12.) On September 9, 2026, Plaintiff filed a motion to be exempted from PACER fees and for restoration of access to PACER. (ECF No. 127.) In the motion, he asserts that his PACER search privileges have been disabled due to nonpayment. He explains:

> Plaintiff can [ ] be billed. He simply cannot read anything. He cannot open a docket sheet, retrieve an order, confirm whether a filing was docketed, or verify a deadline. His remaining free access as a party is generally limited to the one free electronic copy delivered through the applicable electronic notice for each electronically filed documents. That entitlement does not permit him to open a docket sheet, to retrieve a document filed before the notice issued, or to view a document a second time.

(*Id*. at ¶ 3.)

The Court will address Plaintiff's application in two parts. First, the Court will address the request for a waiver of fees prospectively, that is, going forward. Second, the Court will address that portion of Plaintiff's motion concerning his inability to access PACER due to nonpayment of arrears.

First, the Court finds that Plaintiff, who is proceeding in this action without counsel and IFP, falls within the class of users listed in the fee schedule as being eligible for a fee exemption going forward. Plaintiff alleges that he lacks the financial means to afford the ongoing access to court documents that he believes is necessary to properly litigate this case. Plaintiff has demonstrated that a prospective exemption is necessary in this action to avoid unreasonable burdens and to promote public access to information. Accordingly, going forward, Plaintiff shall be exempt from the payment of fees for access via PACER to the electronic case files maintained by this court for case number 25-CV-10591 in this court in which he is the plaintiff.

To the extent that Plaintiff seeks PACER fee waivers for cases other than this one, the Court denies that relief. Plaintiff shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this court. Additionally, the following limitations apply:

1. This fee exemption applies only to Plaintiff, and it is valid only for the purposes stated above;

2. This fee exemption applies only to the electronic case files that are available through the PACER system in the action in this court under 25-CV-10591;

3. By accepting this exemption, Plaintiff agrees not to sell for profit any data obtained as a result of receiving this exemption;

4. Plaintiff is prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases; and

5. This exemption may be revoked at the discretion of the Court at any time.

A copy of this order shall be sent to the PACER Service Center.

The Court next addresses Plaintiff's concern that, even with a prospective fee waiver, he cannot access PACER due to nonpayment of arrears for charges already incurred. In support of this portion of Plaintiff's motion, he relies on an administrative order from the Honorable Margo K. Brodie, the Chief Judge of the United States District Court for the Eastern District of New York, who granted a prospective PACER fee exemption to a *pro se* litigant proceeding IFP. (ECF No. 127, at ¶ 6 (citing *In re Application for Exemption from Electronic Public Access Fees*, Administrative Order No. 2026-14 (E.D.N.Y. May 20, 2026).) In this motion, Plaintiff asserts not only that Chief Judge Brodie granted the plaintiff a *prospective* PACER fee waiver, but also

that she directed that "any balance of fees previously incurred . . . shall be waived and [the plaintiff's] PACER account shall be reinstated." (*Id.*)

The Court has carefully reviewed the administrative order on which Plaintiff relies, and it does not contain the quoted language above. That administrative order in no way addresses the issue of PACER arrears. The Court reminds and warns Plaintiff that all litigants are subject to Rule 11(b)(2) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[b]y presenting to the court a . . . motion . . . an attorney or *unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by *existing* law . . . " (emphases added); *see also Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (Rule 11 requires "read[ing], and thereby confirm[ing] the existence and validity of, the legal authorities" being relied on).

The Court notifies Plaintiff that violations of Rule 11(b) can result in sanctions under Rule 11 against *pro se* parties. *See*, *e.g.*, *Yaroshevsky v. Karlin*, No. 25-CV-2747 (DG) (SDE), 2026 WL 522624, at *8–*12 (E.D.N.Y. Feb. 23, 2026), *report and recommendation adopted,* No. 25-CV-02747 (DG) (SDE), 2026 WL 879292 (E.D.N.Y. Mar. 31, 2026) (imposing sanctions on *pro se* litigant). Thus, Plaintiff must verify all aspects of any proposed court submission, including the accuracy and pertinence of all citations, and he runs the risk of sanctions if he fails to do so.

Returning to the merits of Plaintiff's request for forgiveness of his PACER arrears, the Court's understanding is that it has no power to issue a "waiver" of past fees already accrued, or arrears. Instead, Plaintiff must follow the credit request process as set forth in

https://perma.cc/9VUY-8UQ6 (scroll to "Credit or Refunds"). The Credit Request Form that Plaintiffs must use is found here: https://perma.cc/B89B-UY27.

The Court is advised that PACER's Credit Request process can take weeks or even months to complete. Therefore, to ensure Plaintiff's uninterrupted access to filings in this action, the Court encourages Plaintiff to consider revoking his consent to participate in electronic filing in this case, such that he would be able to receive paper filings in the postal mail. To revoke his consent, Plaintiff need only submit a letter to the Court indicating that he revokes his consent to receive electronic filings, and upon receipt of that letter, the Court will direct the Clerk of Court to revoke his consent and resume paper mailing of filings to Plaintiff's address of record. In any event, Plaintiff alone is responsible for staying up to date with filings in this action.

In conclusion, the Court grants Plaintiff's motion for a prospective fee waiver. To the extent that Plaintiff asks this Court to waive his past fees already accrued on PACER, the Court denies the request for the reasons set forth above.

**B. Service on Defendant**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant, including the fourth amended complaint (ECF No. 128).

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court grants Plaintiff's motion for a prospective PACER fee waiver to the extent of prospectively exempting him from the payment of fees for access via PACER to the electronic case files maintained by this court for case number 25-CV-10591 in which he is the plaintiff. To the extent that Plaintiff asks this Court to waive his past fees already accrued on PACER, the Court denies the request for the reasons set forth above. The Clerk of Court is directed to transmit a copy of this order to the PACER Service Center and terminate the motion pending at ECF No. 127.

The Clerk of Court is instructed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service, including the fourth amended complaint (ECF No. 128).

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: October 13, 2026
New York, New York

J. PAUL OETKEN
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

Universal Music Group Recordings, Inc.
2 Pennsylvania Plaza, 4th Floor
New York, NY 10121